Charles M. Izzo, Attorney "CI-4691"
116 North 2nd Street
Camden, New Jersey 08102
856-757-0550 (Fax 856-757-9071)

United States Bankruptcy Court
District of New Jersey, Camden Division

In re: Tyrelle Lamar King
      Debtor

Chapter 13 No. 21-19296 ABA

NOTICE OF OPPOSITION
TO CREDITOR'S MOTON

To: Isabel C. Balboa, Chapter 13 Trustee
    535 Route 38 East
    Cherry Hill, NJ 08002

Adam D. Greenberg, Esquire
1949 Haddonfield-Berlin Rd # 200
Cherry Hill, NJ 08003

**PLEASE TAKE NOTICE** that the undersigned Attorney for the Debtor in this case respectfully opposes the Creditor's notion to dismiss the Chapter 13 case an therefore requests a hearing on the matter. The Debtor relies on the attached certification of counsel and legal arguments stated hereinafter

Dated: 12-21-21

Charles M. Izzo



IN THE UINITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

TYRELLE LAMAR KING            :        CHAPTER THIRTEEN

      Debtor            :        Case #: 21-19296-aba

ARGUMENT IN OPPOSITION TO SECURED CREDITOR'S
MOTION FOR STAY RELIEF, DISMISSAL, AND/OR SANCTIONS

[1] PRELIMINARY STATEMENT

Opposing counsel appears to be trying a red herring instead of presenting competent evidence in support of his position. In the instant case, opposing counsel's entire argument is exclusively based upon hypothetical speculation, conjecture, and inflammatory unfounded allegations of a malicious abuse of legal process. Debtor filed Chapter 13 case in good faith.

[2] STATEMENT OF RELEVANT FACTS

1] Greta King is the biological grandmother of Tyrelle King who adopted him as her son.

2] On or about August 16, 2021, Greta King deeded the property located at 1300 Decatur Street, Camden, New Jersey 08104 to her adopted son, Tyrelle King.

3] Greta King's decision to transfer family property to her biological grandson, whom she raised as her son, was based upon the impact of COVID 19 raising concerns of Wills and Heir Property Distribution in the wake of such a deadly pandemic and was not in any manner influenced by any existing foreclosure or bankruptcy proceedings. **See: Declaration of Greta King marked EXHIBIT A.**

1

4] Tyrelle King is the biological grandson and direct heir of Greta King, whom she adopted and raised as her son.

5] Tyrelle King filed for Chapter 13 relief in good faith after his financial stability was seriously impacted following the COVID 19 pandemic and is currently protected by the intent and purposes of congress under the provisions of Section 1113 of the CARES Act. **See: Declaration of Tyrelle King marked as EXHIBIT B.**

6] The undersigned is the attorney of record for the Debtor in the above captioned case and has no conspiratorial relationship with the Debtor for personal gain or unjust enrichment. **See: Declaration of Charles Izzo marked as EXHIBIT C.**

7] Opposing counsel falsely accused the undersigned and Greta King of a fourth degree offense of: "falsifying the consideration recited in the deed or in the proof or acknowledgment of the execution of the deed or in an affidavit annexed to a deed declaring the consideration therefore or a declaration in an affidavit that a transfer is exempt from recording fee", citing N.J.S. 46: 15-9 (a).

[3] **MEMORANDUM OF LAW**

[A.] **A Claim of Malicious Abuse of Process Requires Proof That the Attorney Acted for His or Her Own Purpose**

In substance, opposing counsel has accused the undersigned and the Debtor of conspiring to willfully misapply court process to obtain an objective not intended by law. The frivolous and baseless allegations set forth in the opposing party's brief are tantamount to a claim of Malicious Abuse of Legal Process. As such, the burden of proof is upon the accusing party to substantiate the charges. In each and every instance, the sweeping, unsupported allegations of abuse and misapplication of court process are based solely upon speculation and conjecture and not supported by a single shred of admissible evidence.

In an unpublished opinion, Lobiondo v. Schwartz, 2007 WL 2188600 (N.J. Super. August 1, 2007), the New Jersey Superior Court Appellate Division placed welcome and strict limitations on the right of a plaintiff to bring malicious abuse of process actions against a lawyer. A plaintiff must now demonstrate that the lawyer knew the client's claim was baseless, and either knew the client was litigating for an improper purpose, which also happened to further the lawyer's own improper purpose, or that the lawyer was litigating for the lawyer's own improper purpose. These restrictions should protect lawyers who are merely filing actions on behalf of their clients and who have every reason to believe that the claims are meritorious based on what their clients are telling them. Such claims are frequently brought for the improper purpose of forcing the lawyer to withdraw from the case, thereby compromising the client's defense and increasing the costs of the defense.

In the instant case, opposing counsel has raised a claim of malicious abuse of legal process but failed to even allege, much less prove, that the undersigned "knew his client was litigating for an improper purpose, which also happened to further the lawyer's own improper purpose, or that the lawyer was litigating for the lawyer's own improper purpose."

In this appeal, the Appellate Court affirmed the dismissal of the claim that Giordano, while representing Lobiondo in the litigation against Schwartz, committed the tort of malicious use of process against Schwartz. The Court noted that malicious use of process is a disfavored action because the courts must be open to all people, without fear "of being subjected to a damage suit if the action results adversely." Similarly, the Court recognized the need to protect a client's choice of counsel by protecting that counsel from claims brought by a vindictive defendant. Nonetheless, the Court acknowledged that there are circumstances where a lawyer should be held liable for the malicious use of process just like everyone else.

The Court looked to the Restatement (Third) of the Laws Governing Lawyers for guidance on what constitutes malicious use of process by an attorney, as opposed to a litigant. The Restatement provides that "[a] lawyer representing a client in a civil proceeding ... is not liable to a non-client for wrongful use of civil proceedings ... if the lawyer has probable cause for acting or if the lawyer acts primarily to help the client obtain a proper adjudication of the client's claim in that proceeding." Restatement (Third) of the Law Governing Lawyers, § 57(2) (2000). In other words, the critical element necessary for a lawyer's immunity for use of civil process on

behalf of a client is that the lawyer has "probable cause" to believe that the client's claim is supportable or that the lawyer is acting to help the client seek a legitimate goal through the proceeding. The comments to the Restatement clarify that "the existence of probable cause and of an improper purpose are assessed separately for a lawyer and for the client on whose behalf the civil proceeding was brought." Restatement (Third) of the Law Governing Lawyers, § 57(2), Comment [d].

Thus, the lawyer may have a defense to a claim of malicious abuse of process even where the client does not. "Probable cause exists if the lawyer has a reasonable belief that the facts on which the claim is based can be established to the satisfaction of the trier of fact and has a reasonable belief that there is a sound chance that under those facts the claim may be held valid." Id. But "probable cause" in this context is determined solely based on the facts known to the lawyer at the time the complaint was filed. "When there is no dispute as to what facts were so known, the existence of probable cause is an issue of law to be decided by the tribunal, not a jury issue." Id.

Nonetheless, even if a lawyer "has no probable cause and is convinced that his client's claim is unfounded, he is still not liable [for wrongful use of civil proceedings] if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim." Id. The fact that the lawyer is earning a legal fee does not constitute an improper purpose for the lawyer's involvement. A lawyer will be subject to these claims, like all other parties, if a "lawyer acts without probable cause 'and for an improper purpose, as, for example; as is apparent in the instant case, to put pressure upon the person proceeded against in order to *acquire a windfall from a meager property tax sales tax lien* or *solely to harass the person proceeded against by bringing a claim known to be invalid*, he is subject to the same liability as any other person" Id. And while the lawyer's motives are determined separately from those of the client, "the client's motives, if known to a lawyer, may constitute evidence bearing on the lawyer's motives." Id.

Thus, the Court concluded that, "even assuming Giordano could have been found to know that Lobiondo was litigating for an improper purpose-a doubtful proposition no reasonable fact finder could determine that Giordano pursued this litigation with the intent to further its own illegitimate purpose or that it had adopted an illegitimate purpose of the client." Accordingly, the Court affirmed the summary judgment order dismissing the claims against Giordano.

4

**[B.] The Realty Transfer Fee Shall Not Apply To A Deed Between Husband and Wife, or Parent and Child**

Opposing counsel's argument that Greta King and the undersigned fraudulently circumvented the required *Realty Transfer Tax* on the transferred property in violation of N.S.A. 46:15-9 (a) is frivolous. Quitclaim deeds are most commonly used when property is being transferred without a traditional sale, such as when property is transferred between family members, when couples divorce, or when property is transferred to a living trust. In all of these scenarios, probating the property is unnecessary. Greta King, Grantor, raised Debtor, Tyrelle King, Grantee, as his lawful guardian, thus, their legal relationship is that of mother and son within the meaning of N.J.S.A. 46:15-10 (j), which clearly specifies that such a property transfer between parent and child constitutes a *completely exempt* transaction. **See: N.J.S.A. 46:15-10**;

> "The Realty Transfer Fee shall not apply to a deed:
> j) between husband and wife, or parent and child…"

It is further noted that opposing counsel appended to his motion and marked as EXHIBIT A, a Quitclaim Deed which he personally prepared as counsel for Grantor, TLR-V, L.L.C. for the property commonly known as 1300 Decatur Street, Camden, NJ, which said property was encumbered with an outstanding lien at the time of the transfer that was omitted from the deed by counsel. **See: Doc 12-2 pgs. 2-3 appended as EXHIBIT A to Creditor's motion**.

**[C] Bankruptcy Procedures and the Care Act**

**The "COVID-19 Bankruptcy Relief Extension Act of 2021"** was signed into law by President Biden on March 27, 2021, extending the key provisions of the COVID-19 Bankruptcy Relief Act which was enacted in the CARES Act for another year.

5

**Section 1113 of the CARES Act**, which temporarily amended bankruptcy law to assist individuals and businesses affected by the coronavirus pandemic on March 27, 2020, has been extended by the COVID-19 Bankruptcy Relief Extension Act of 2021 and includes the following provisions:

In a **Chapter 13**, individuals and families who are experiencing material hardships due to the coronavirus pandemic may seek modifications to their plans, including seeking to extend the plan for up to seven years from date of the initial plan payment.

These provisions will sunset, or expire, on March 26, 2022, unless extended again. One of the primary congressional intents and purposes underlying this temporary modification of the bankruptcy law under the CARES ACT is the expedite bankruptcy processes.

## [D.] Conclusion

In the instant case, opposing counsel appears to be on a mission to circumvent the aforementioned intent and purpose of congress to make bankruptcy procedures a swifter and less cumbersome process, by infecting the adversarial factfinding processes of these proceedings with distracting frivolous submissions devoid of professional competence, thereby increasing expenses and making it slower and more difficult to complete bankruptcy proceedings.

Debtor has presented admissible evidence in the form of the appended *Declarations of the Slandered Parties*, declared under penalty of perjury, which unequivocally refute the maniacally absurd and frivolous allegations set forth in Creditor's moronic argument based exclusively upon speculation and conjecture in the absence of a single shred of admissible evidence. The Court may take judicial notice of Creditor's moronic lust to acquire a windfall by any method of demented skullduggery conceivable in the baseless, liable, and slanderous content of Creditor's brief not supported by a single shred of proffered evidence and dismiss Creditor's frivolous argument for lack of supporting evidence.

**WHEREFORE**, for the foregoing reasons Debtor respectfully requests this Honorable Court to enter a judgment dismissing Creditor's motion as having been submitted in Bad Faith for purposes of delay and distraction in a misguided effort to contaminate judicial process to obtain an objective not intended by law.

Date: 12-21-21

Respectfully submitted,

Charles Izzo, Attorney for Debtor
116 N. 2nd Street
Camden, New Jersey 08102

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

**TYRELLE LAMAR KING**            :            **CHAPTER THIRTEEN**

      Debtor            :            Case #: 21-19296-aba

### DECLARATION OF SLANDERED PARTY:
### GRETA KING

I, Greta King, upon my oath hereby declare under penalty of perjury the following statement is true and correct:

1. My decision to provide my biological grandson with a percentage of my property was based upon the impact of COVID 19 raising concerns of Wills and Heir Property Distribution in the wake of such a deadly pandemic and was not in any manner influenced by any existing foreclosure or bankruptcy proceedings.

I, Greta King, hereby aver the foregoing statement is based upon my *personal knowledge* in opposition to the opposing party's slanderous preposterous allegations of Bad Faith and Malicious Abuse of Legal Process. I am aware that if any material statement made by me is willfully false that I am subject to suffer legal sanctions.

                                                                                     */s/ Greta King*
                                                                          GRETA KING, Declarant

DATE: 12-21-21

IN THE UINITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

**TYRELLE LAMAR KING** : CHAPTER THIRTEEN

Debtor : Case #: 21-19296-aba

### DECLARATION OF
### TYRELLE KING

I, Tyrelle King, upon my oath hereby declare under penalty of perjury the following statement is true and correct:

1. My decision to file for Chapter 13 relief was done in Good Faith after my financial stability was seriously impacted following the COVID 19 pandemic which is currently governed by the intent and purposes of congress under the provisions of Section 1113 of the CARES Act. My motive for filing this matter at this interval is to enjoy the added benefits of these provisions, which will sunset, or expire, on March 26, 2022, unless extended again.

I, Tyrelle King, hereby aver the foregoing statement is based upon my *personal knowledge* in opposition to the opposing party's slanderous preposterous allegations of Bad Faith and Malicious Abuse of Legal Process. I am aware that if any material statement made by me is willfully false that I am subject to suffer legal sanctions.

_____
TYRELLE KING, Declarant

DATE: 12-21-21

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

| | | |
|---|---|---|
| **TYRELLE LAMAR KING** | : | **CHAPTER THIRTEEN** |
| Debtor | : | Case #: 21-19296-aba |

### DECLARATION OF:
### CHARLES IZZO

I, Charles Izzo, upon my oath hereby declare under penalty of perjury the following statement is true and correct:

1. My decision to file for Chapter 13 relief on behalf of debtor was done in Good Faith after his financial stability was seriously impacted following the COVID 19 pandemic which is currently governed by the intent and purposes of congress under the provisions of Section 1113 of the CARES Act. My motive for filing this matter at this interval is to ensure my client enjoys the added benefits of these provisions, which will sunset, or expire, on March 26, 2022, unless extended again. I am the attorney of record for the Debtor in the above captioned case and have no conspiratorial relationship with the Debtor for personal gain or unjust enrichment.

I, Charles Izzo, hereby aver the foregoing statement is based upon my *personal knowledge* in opposition to the opposing party's slanderous allegations of Bad Faith and Malicious Abuse of Legal Process. I am aware that if any material statement made by me is willfully false that I am subject to suffer legal sanctions.

CHARLES IZZO, Declarant

DATE: 12-21-21